ANTONIO MARQUES ARBONA, demandante y apelado, *v.* ANGEL y LUIS COLÓN y ELENA MERCADO, demandados y apelantes.

Núm. 8690.—*Sometido:* Abril 8, 1943. *Resuelto:* Junio 8, 1943.

*Luis Mercader* y *Francisco M. Cadilla,* abogados de los apelantes; *Antonio Lens Cuena,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Éste es un pleito sobre reivindicación. En la demanda se alega que el demandante es dueño de una finca de siete cuerdas setenta y cinco céntimos, situada en Hato Abajo de Arecibo; que Francisca Gómez, causante de los demandados, era dueña de otra finca colindante de diecinueve cuerdas, con 2,447 metros 79 centímetros; que en septiembre de 1932, el demandante y Francisca Gómez, de mutuo acuerdo, procedie-

ron a deslindar sus dichas fincas utilizando los servicios del agrimensor Arturo Puig, practicándose la mensura, rectificándose los linderos y quedando en posesión cada parte de sus fincas como fueron deslindadas; que fallecida Francisca Gómez, sus herederos los demandados entraron en posesión de la finca de su causante y se apropiaron sin el consentimiento y con la oposición del demandante de una faja de terreno del demandante de 72 metros 10 centímetros de frente por 46 metros 46 centímetros de fondo en lindes por el norte con una calle, por el sur y este con terrenos de los demandados y por el oeste con finca de José Matienzo, y que requeridos al efecto los demandados se han negado a entregarle la faja, causándole con ello perjuicios por la suma de mil dólares.

Los demandados contestaron negando general y específicamente los hechos de la demanda y alegando como defensas que el demandante no es el solo dueño de la finca de siete cuerdas setenta y cinco céntimos; que su causante ni ellos verificaron deslinde ni convenio alguno con el demandante en relación con las fincas de que se trata; que la finca de diecinueve cuerdas con 2,447 metros 79 centímetros fué heredada por los demandados y otras personas sin que esas otras personas hayan sido traídas al pleito; que la faja que se pretende reivindicar forma parte de dicha finca y ha estado siempre en la posesión de los demandados y de su causante como dueños de la misma, quieta, pacífica y continuadamente, y que invocan en su favor lo dispuesto en el artículo 1863 en relación con el 1859 del Código Civil.

Trabada así la contienda, fué el pleito a juicio. Ambas partes practicaron prueba, dictando la corte sentencia en contra de los demandados declarando que la parcela reclamada por el demandante es de su propiedad y por tanto que los demandados deben dejarla a su libre disposición y pagar las costas del litigio incluyendo cien dólares para honorarios de abogado.

██ Los demandados apelaron para ante este Tribunal, señalando ocho errores. Sólo tendremos que resolver el séptimo para revocar la sentencia. Se refiere al cometido por la corte sentenciadora al apreciar la prueba.

Ésta consistió en una escritura, un plano y las declaraciones del demandante y de los agrimensores Arturo Puig, José R. Lacomba y Ramón Gelabert, por la parte actora, y en un plano, varios documentos y algunos testigos por parte de los demandados.

Apreciándola la corte sentenciadora, en su opinión y sentencia, se expresó así:

"Para el 1932 Francisca Gómez era dueña de una finca que colinda por el norte con otra del demandante Antonio Marques Arbona. Debido al sitio donde radican ambas propiedades, cerca de la ciudad, son propias para dedicarlas a urbanización, estando la vía férrea situada hacia el este y la carretera por el norte, donde también tiene pequeña parte el municipio.

"Con el propósito de determinar la colindancia correcta de ambas fincas y de fijar la extensión exacta de una calle que se dejó entre ambas urbanizaciones, y que corre por la parte norte de la parcela que era de Francisca Gómez, acordaron practicar un deslinde que hizo el agrimensor Puig, persona veraz quien declaró en el juicio. El plano presentado por el demandante en relación con tal declaración, además de lo declarado por Marques, explica en substancia lo que se llevó a efecto con el deslinde, y el beneficio que obtuvieron ambas urbanizaciones.

"Tomando como base el título del demandante, o sea midiendo desde la carretera hacia el sur, se llegó a la conclusión de que a Marques le faltaban un buen número de metros cuadrados.

"Él dejó 721 metros de su terreno para la mitad de la calle, y toda vez que la señora Francisca Gómez se beneficiaba de toda la calle, con terreno que no era de su propiedad, tuvieron que extender el límite de la finca de Marques hacia el sur, para compensar la mensura, tomando un pequeño cuadro de 72 × 46 metros en la esquina noroeste de la parcela de Francisca Gómez. Así quedaron las cosas estableciéndose la nueva posesión respectiva de conformidad con el deslinde efectuado.

"Posteriormente a ese deslinde falleció Francisca Gómez y ahora los demandados que son herederos de ella, se niegan a respetar lo re-

conocido por su causante y detentan con actos la posesión del referido cuadro que se describe en el hecho sexto de la demanda.

"Los demandados insisten en que Francisca Gómez no realizó convenio formal alguno con Marques sobre el deslinde. Estamos convencidos por la prueba que aunque la señora Gómez no hubiese estado personalmente en el terreno durante el acto del deslinde, lo autorizó y aceptó expresamente y estuvo representada por persona designada por ella al efecto. Todo demuestra que se actuó de buena fe y cualquier punto técnico omitido no debe ser obstáculo para respetar una situación de hecho que benefició a la finca de Francisca Gómez, pues no hay duda alguna que la calle al norte de la parcela es de un gran valor para la urbanización y que valía la pena el reconocer que la finca de Marques se extienda tomando el cuadro objeto de la controversia, pues Marques también sacrificaba un buen número de metros cuadrados para dar realidad a la calle, en forma estable.

"No era indispensable hacer escritura pública del resultado del deslinde. Los puntos variaron algo, pero el deslinde se hizo de acuerdo con la documentación y Marques no obtuvo por la mensura, más terreno del que tenía, según su título. En los deslindes siempre se establecen algunas variaciones para compensar el terreno que falta, pero el título sigue siendo el mismo de la escritura original. El plano levantado viene a ser un complemento de la titulación y los puntos señalan la posesión."

Hemos examinado cuidadosamente toda la evidencia aportada y a nuestro juicio no justifica las conclusiones a que llegó la corte sentenciadora. No hay prueba suficiente de que la causante de los demandados estuviera conforme en entregar al demandante y decidiera entregarle como resultado de un deslinde la parcela que éste reclama a sus herederos. A lo sumo puede concluirse que habiendo surgido diferencias entre los dueños de las fincas colindantes a consecuencia de la construcción de una calle, estuvieron conformes en principio en la práctica de una mensura de las mismas con el propósito de zanjarlas, pero ello por sí solo no quiere decir que se llegara a acuerdo alguno concreto y definitivo sobre entrega de determinada porción de terreno.

Dentro del título del demandante no está incluída la parcela reclamada. La escritura sólo demuestra que el deman-

dante adquirió una finca de siete cuerdas setenta y cinco céntimos en lindes por el norte con la carretera de Arecibo a Hatillo y con la de Arecibo a Lares, en construcción, por el oeste con Eduardo Rosso y solar del Municipio de Arecibo, por el sur con el resto del predio principal del que se segregó la finca y por el este con Manuel Olmo y la American Railroad Company, mientras que la parcela linda por el norte con una calle, por el sur y este con terrenos de los demandos y por el oeste con José Matienzo. Para poder inscribir esa parcela en el registro a favor del demandante, se necesitaría una titulación especial.

Y ello surge con mayor claridad aún del plano presentado por el propio demandante. No se trata de variación en las colindancias, si que de un gran solar al otro lado de una calle dentro de la finca de los demandados, de una parcela individual, separada y distinta de la finca del demandante.

Para resolver que el demandante se convirtió en dueño de esa parcela se necesita prueba de su trasmisión de igual naturaleza que la exigida para la adquisición de cualquier propiedad inmueble. No hubo escritura pública. No hubo pacto alguno privado por escrito. Sólo se aporta prueba de un convenio oral que para que fuera suficiente tendría que ser clara, concreta y terminante, y no lo fué. Veámoslo.

Como ya indicamos, el propio demandante declaró en el juicio. Contestando a su abogado dijo que con motivo de la construcción de una calle le cogieron parte de su finca hacia el norte. Se quejó a Francisca Gómez, dueña de la finca colindante, y "se acordó deslindar la finca, la parcela mía, y se nombraron dos agrimensores." El nombrado por él fué Puig. La señora Gómez nombró a Marrero para que la representara y al agrimensor Lacomba. "Se convino que una vez deslindada la parcela que tenía, que le faltó una cantidad de metros me lo darían en la parte sur de la misma parcela, junto con un convenio que se hizo, para que mañana que se abriera la calle la proporción que cogiera frente a la

misma parcela que ellos tenían quedara la calle por el medio y era compensado con metros de la parcela que faltaba, y se deslindó y se cercó."

Repreguntado contestó que fué a casa de la señora Gómez con su abogado Lens; que ella encargó a Marrero para que se entendiera en el asunto; que lo sabe porque vió a Marrero en unión del agrimensor y estuvieron viendo la medida y parece que era el hombre en quien tenía confianza; que no volvió a hablar con ella; que no sabe en qué quedó ella después; que se midió su finca faltando como tres cuadros; que le entregaron la parcela de acuerdo con el plano; que le parece que fué el señor Marrero; que es de suponer que Marrero tuviera poder de doña Paca; que el convenio fué con los agrimensores; que no fué directamente con doña Paca.

Intervino su abogado señor Lens, y contestó como sigue:

"P. Fíjese en lo que le pregunta. Cuando habló con ella, ¿qué convinieron? R. Deslindar. P. ¿Y qué más? R. Después que hablé con ella fué con los encargados. . . . P. ¿Usted convino con ella? R. Que se deslindara. P. ¿Y si faltaba? R. Que entregaría en una parcela. Convine con ella que entregaría la diferencia. P. Fué lo que estipularon directamente. Cuando se refiere a entregar, ¿se refiere al sitio? R. Sí, señor. P. ¿Pero el convenio fué con ella? R. Una vez que se hiciera el deslinde, que hubiera una diferencia estaba conforme que se arreglara la parcela que faltara. P.¿Qué? R. Que se entregara. P. ¿A quién? R. A mí. P. ¿Y entonces se le entregó esa parcela? R. Sí, señor, que apreciaron los agrimensores."

Repreguntado de nuevo, declaró:

"P. ¿Convino en entregar esa misma parcela? R. Convino que si había una diferencia ella estaba conforme. P. ¿Se arreglaría por Marrero? R. La determinaron los agrimensores. P. ¿No llegó el convenio sobre cantidad y sitio? R. Sí, señor, al sitio y que faltaba. P. ¿En qué sitio se la iban a dar? R. Al compás de la parcela mía. P. ¿Ella se lo dijo? R. Convinimos eso. P. ¿Verdad que no convino con ella más que el deslinde? R. La reclamación mía fué que me faltaba terreno."

Bastaría esa sola declaración del propio demandante para sostener lo que dijimos en relación con la insuficiencia de la prueba, pero veamos lo que declararon los demás testigos.

El agrimensor Puig, la persona veraz a que se refirió la corte, dijo que encargado por el demandante midió su finca, interviniendo Nicomedes Marrero en representación de la "viuda de Florito," la causante de los demandados, que midió luego la finca de dicha causante acompañado del agrimensor Lacomba representando a la viuda, encontrando Lacomba 19.76 cuerdas y él 19.80, más o menos lo que dice el título; que a la finca del demandante le faltaban setenta y siete céntimos de cuerda y para compensar la falta segregó la parcela en la finca de la viuda que marca el plano, con la conformidad de Marrero; la viuda no estuvo presente en el deslinde; él fué a su casa dos veces con un individuo que lo acompañaba en sus trabajos y que lamenta que haya muerto, conviniendo en cederle en su finca lo que faltaba. La declaración es confusa en cuanto a si la falta se debía o no al terreno dedicado a calle.

El agrimensor Lacomba negó que remidiera la finca en representación de la causante de los demandados y dijo que lo hizo a invitación del señor Puig por ser él quien la había medido anteriormente, y que se encontró que la finca tenía la cabida que marcaba el título. Insistió en que no fué autorizado por la dicha causante de los demandados para intervenir en el deslinde ni menos para ceder terreno alguno. El testigo figura en la prueba del demandante. Sin embargo parece justo aclarar que al final de su declaración el abogado del demandante le preguntó y el testigo contestó como sigue:

"P. ¿Por quién fué citado para venir a la corte? R. Me citó la corte. P. ¿Como testigo de quién? R. De la mensura que practiqué con estos señores."

Por último el tercer agrimensor Gelabert dijo que el demandante lo llamó "para que midiera la parcela de terreno

que tenía allí debido a que tenía información de que ciertos puntos habían sido removidos, y al efectuar el deslinde encontré que faltaban alrededor de unos sesenta y siete céntimos de cuerda, y le informé a don Antonio Marques y no intervine en nada más.'' Luego dijo que Lacomba había intervenido en representación de ''la otra parte.''

Con esa prueba no es posible, repetimos, declarar al demandante dueño de la parcela en cuestión. Sólo en la declaración de Puig hay algo que tiende a conectar personalmente a la señora Gómez con la cesión de la parcela después del deslinde y es tan impreciso que no proporciona al juzgador la base sólida que se necesita para declarar probada una trasmisión del dominio de una propiedad inmueble.

Llama la atención que si la última conversación del agrimensor Puig con la señora Gómez tuvo lugar después de practicado el deslinde y elegida y marcada la parcela en el plano levantado, el agrimensor no recogiera la conformidad de la señora Gómez al pie del plano, que es lo menos que suele hacerse en tales casos.

Eso en cuanto a la prueba de la parte demandante examinada por sí sola. De la de los demandados, sólo nos referiremos al testimonio de Marrero. En lo pertinente, dijo:

''P. ¿Conoció a doña Francisca Gómez viuda de Oliveras? R. Sí, señor. . . . . P. ¿Alguna vez tuvo que ver con alguna mensura de la finca de ella hecha por Arturo Puig? R. Quien la hizo fué con Lacomba. P. ¿Junto con don Arturo Puig o no? R. Mandó a hablar un agrimensor y hablé al agrimensor Lacomba. . . . P. ¿Qué tuvo que ver Lacomba con Arturo Puig después? R. Don Arturo . . . P. ¿Qué tuvo que ver don Arturo con referencia a esa finca de doña Paca después de mandar a medir los terrenos? R. El agrimensor midió. P. ¿Quién? R. Lacomba, y decía que estaba exacta la mensura, y esa fué la palabra que le dijo a Lens.''

''P. ¿En alguna oportunidad usted ha cedido algo a nombre de doña Paca Gómez a don Antonio Marques de Arecibo? R. No, señor P. ¿Nunca? R. No, señor. P. ¿Nunca ha tenido relaciones de mandante y mandatario de esa señora? R. No, señor. P. ¿Qué era de ella? R. Pariente. P. ¿Iba a la casa de ella? R. Iba así a cu-

rarla, porque estaba medio mala. P. ¿No es cierto que nunca haya hecho cesión de sus terrenos en ninguna forma? R. No, señor. P. ¿Está seguro? R. Sí, señor.''

*Debe revocarse la sentencia apelada y dictarse otra declarando la demanda sin lugar con las costas al demandante incluyendo doscientos dólares de honorarios de abogado.*